

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00183-CR

**LEROY LEE RANDLE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2018-242-C1

## ABATEMENT ORDER

Appellant, Leroy Lee Randle, was charged by indictment with aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2019). Randle's indictment also included an enhancement paragraph alleging a prior conviction for possession of a controlled substance in 1999 and a habitual allegation alleging a prior conviction for delivery of a controlled substance in 1994.

The case was tried to a jury, and at the conclusion of the trial, the jury found appellant guilty of the charged offense and found the enhancement and habitual allegations to be "true." The jury assessed punishment at ninety-five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified appellant's right of appeal, and this appeal followed.

Appellant's court-appointed appellate counsel has filed a motion to withdraw from the representation supported by an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967). In his *Anders* brief, counsel stated his conclusion that, after evaluating the entire record, he has "found no arguable, non-frivolous issues which could result in relief being granted to Appellant." The brief cited applicable case law, discussed the case background and appellant's sentencing hearing, and analyzed one possible issue—the trial court's denials of appellant's requests to represent himself. Counsel found this to be a frivolous issue.

Counsel asserted in his certificate of service that he provided appellant with a copy of his *Anders* brief. Though he requested to withdraw from representing appellant in his *Anders* brief, counsel did not file a separate motion to withdraw. This Court requires counsel to file a separate motion to withdraw in conjunction with the *Anders* brief. *See Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014) (noting that "the *Anders* brief is only the proverbial 'tail' [while] the motion to withdraw is 'the dog'"). Additionally, we have no indication from counsel that he informed appellant of his right to file a pro se

response or his right to seek discretionary review before the Court of Criminal Appeals should this Court find the appeal frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also Kelly*, 436 S.W.3d at 319-20. Further, we have no indication that counsel provided appellant with a copy of the appellate record or a form motion for pro se access to the appellate record. Accordingly, we cannot say that counsel has provided this Court with enough information demonstrating compliance with his *Kelly* duties. *See* 436 S.W.3d at 319-20 (specifying appointed counsel's obligations upon filing a motion to withdraw supported by an *Anders* brief). Moreover, because of the foregoing, appellant has not filed a motion for pro se access, nor has he filed a pro se response in this matter.

Nevertheless, upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *see In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.3d 503, 510 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978). After doing so, we are not satisfied that the appeal is wholly frivolous. *See High*, 573 S.W.2d at 811 ("[I]n the last analysis, it is up to the court, not counsel, 'after a full examination of all proceedings, to decide whether the case is wholly frivolous." (quoting *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400)). We disagree with counsel's assertion that appellant's repeated requests to represent himself at various points during the trial does not constitute an arguable ground on appeal.

We abate the appeal and remand the cause to the 19th District Court of McLennan County. On remand, the trial court shall appoint new counsel to represent appellant in this appeal. The trial court shall cause the name, email and postal addresses, telephone number, and state bar number of the newly-appointed counsel to be included in a supplemental record. The record of that appointment shall be filed with the Clerk of this Court on or before November 22, 2019.

Additionally, the trial court shall order the newly-appointed counsel to file an appellant's brief, according to the Texas Rules of Appellate Procedure, addressing any arguable meritorious ground for appeal flowing from appellant's requests to represent himself, as well as any other arguably meritorious ground counsel sees for reversal or modification of the trial court's judgment. Absent a request for extension from newly-appointed counsel, the appellate brief shall be filed no later than thirty days from the date of counsel's appointment. A response brief may be filed by the State within thirty days after the filing of the appellant's brief.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Appeal abated & remanded
Opinion delivered and filed November 6, 2019
Do not publish
[CRPM]

